No. 593.

JAMES W. HOWARD vs. M. A. WALSH, SHERIFF, ET AL. S. J. WIMBISH AND T. J. HOWELL, INTERVENORS.

After the judgment was rendered and the appeal had been granted, Howard died. It was not necessary that appellants should *revive* the suit as against the representatives of his succession in order to perfect their appeal. All that they were bound to do was to file the bond required by the district judge and then see that proper parties were made in this court. This has been done.

It was not necessary, when the notice of seizure was served, that the sheriff should notify the defendant in execution to divide the lands seized into lots of not less than ten, nor more than fifty acres. This was not required at the time of seizure. It must be done before the sale, and a defendant in execution can not presume that the sheriff will not follow out the law in the execution of the judgment which he is intrusted with.

That part of the land seized belongs to third parties to whom he is bound in warrantee as the vendor thereof is a matter which concerns the owners of the property, and not the defendant in execution.

There is no validity in the objection that the decree of the Supreme Court upon which the *fieri facias* issued is a nullity, because there was no concurrence of a *quorum* of the court as required by the constitution. A majority of the court was present when the judgment was pronounced. Admitting the fact which it is sought to prove, that one of the judges was absent when the judgment was read, and that two others dissented, the judgment pronounced was the judgment of the majority of the court. It was the judgment of the *court* which was pronounced, and whether one of the concurring parties was absent or not matters nothing. The court entered the decree as a court—*a quorum* being present. This is sufficient, and all that the law requires.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Callihan*, Judge *ad hoc*. *Land & Taylor*, for plaintiff and appellee. *C. M. Pegues*, *Egan & Wise*, for defendants and appellants.

MORGAN, J. Martha Howard, executrix of James Howard, excepts to the citation or notice of revival served on her, because J. W. Howard died in February, 1875, several months before the appeal bond was filed, and the suit was not revived in the district court against his legal representatives.

After the judgment was rendered, and the appeal had been granted, Howard died. It was not necessary that appellants should *revive* the suit against the representatives of his succession in order to perfect their appeal. All they were required to do was to file the bond required by the district judge, and then see that proper parties were made in this court. This has been done.

This is an injunction suit to restrain the sale of certain property seized by the sheriff on a *fieri facias* issued under a decree of this court, rendered at our session here in July, 1871. The grounds are:

First—That, when the notice of seizure was served, the sheriff failed to notify the defendant in execution to divide the lands seized into lots of not less than ten, nor more than fifty acres.

It is not necessary that this notice be given at the time of seizure. It must be done before the sale, and a defendant in execution can not presume that the sheriff will not follow out the law in the execution of the judgment which he is intrusted with.

Second—That part of the land seized belongs to third parties to whom he is bound in warrantee as the vendor thereof.

This is a matter which concerns the owners of the property, and not the defendant in execution.

Third—That the decree of the Supreme Court, upon which the *fieri facias* issued, is a nullity, because there was no concurrence of a quorum of the court as required by the constitution.

A majority of the court was present when the judgment was pronounced. But it is sought to be made to appear that one of the judges who concurred in the decree was absent when the judgment was read, and that two others dissented.

Admit the fact to be as stated. The judgment pronounced was the judgment of a majority of the court. It was the judgment of the *court* which was pronounced, and whether one of the concurring justices was absent or not matters nothing. The court entered the decree as a court, a quorum being present, and this is sufficient and all that the law requires.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the in-

Howard vs. Walsh, Sheriff.

junction herein issued be dissolved, with five per cent special and fifteen per cent general damages, with costs in both courts.

## ON APPLICATION FOR REHEARING.

In this injunction suit Wimbish and T. J. Howell filed an intervention and third opposition, claiming to be the owners of certain portions of the land seized under the execution. They prayed to be allowed to join the plaintiff and asked that his injunction be maintained.

As to T. J. Howell, the defendants in execution answered that the property which he claims was seized in error, and that its release had been ordered, so that he can suffer no damage by the judgment rendered herein. As to Wimbish, no answer was filed.

The case was submitted to us without argument or brief on the part of the plaintiffs or intervenors. We did not and do not understand how there can be intervenors in an injunction suit, the result of which is an injunction without affidavit and without bond, and we decided the case simply between the plaintiffs in injunction and defendants. Our decree was intended to reach them and none other, and it will be so construed.

As regards the intervenors, if their property is sought to be sold in execution of the judgment, they have their remedy, which was not intended to be and which is not affected by our decree.

Rehearing refused.